# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **GARY PAUL JOSEPH** | **CIVIL ACTION NO. 06-1679** |
| **VS.** | **SECTION P** |
| **WARDEN TERRY TERRELL** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on September 22, 2006 by *pro se* petitioner Gary Paul Joseph. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, in Kinder, Louisiana where he is serving a twenty-five year sentence imposed following his December 5, 2000 conviction for possession with intent to distribute cocaine, entered in the Twenty-Seventh Judicial District Court, for St. Landry Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** because the petition is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively **SUMMARILY DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4

of the Rules Governing Section 2254 Cases in the United States District Courts because the petition and exhibits annexed thereto clearly establish that petitioner is not entitled to federal *habeas corpus* relief .

## *Statement of the Case*

Petitioner was arrested in December, 1999. On December 5, 2000, petitioner pled guilty to being in possession of cocaine with the intent to distribute cocaine. A copy of the plea transcript reveals that prior to entry of petitioner's guilty plea, the court advised petitioner of the maximum penalty for the offense charged, confirmed that petitioner had not been promised anything in exchange for his guilty plea or forced to plead guilty, and also confirmed that petitioner understood that by pleading guilty, he would waive his the constitutional rights to a trial by jury, assistance of counsel at trial, the right to call witnesses, the right to confront and cross-examine witnesses called against him, the right to testify on his own behalf and the right against self-incrimination. The court therefore accepted petitioner's plea finding that the plea had been knowingly, voluntarily and intelligently entered. On March 23, 2001, petitioner was sentenced to serve 25 years at hard labor.

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeals. On December 12, 2001, petitioner's conviction and sentence were affirmed. *State of Louisiana v. Gary P. Joseph*, Docket Number 01-862 (La. App. 3 Cir. 12/12/2001) (unpublished). Petitioner did not seek further direct review in the Louisiana Supreme

Court.[1]

Petitioner did not file any applications for post-conviction relief. However, on February 1, 2006, petitioner filed a Motion to Withdraw his Guilty Plea. The trial court denied that Motion as untimely by ruling dated May 15, 2006. Petitioner attempted to directly appeal the trial court's ruling. However, petitioner was advised by the appellate court that the ruling was not appealable; on September 6, 2006, petitioner's appeal was dismissed. *State of Louisiana v. Gary Paul Joseph*, KA06-962, 938 So.2d 234 (La. App. 3 Cir. 9/6/2006).

The instant action was filed on September 22, 2006. In his original pleading, petitioner improperly sought an "Application for Certificate of Appealability." The pleading was liberally construed as seeking a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Accordingly, petitioner was ordered to submit his claims on the appropriate standardized form should he wish to proceed. On October 30, 2006, petitioner submitted his claim on this court's approved form for persons seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner argues a single claim for relief, that is, that his December 1999 arrest was in violation of his Fourth Amendment rights because the arrest was based on an anonymous tip.

---

[1] *See* rec. doc. 4, par 6(b) and (c). This fact is confirmed by a review of the published jurisprudence of the State of Louisiana which reveals no Louisiana Supreme Court decisions involving the petitioner.

*Law and Analysis*

*Timeliness*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, this court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.

---

[2] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

4

*Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition ...." *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000)*; Magee v. Cain*, 2000 WL 1023423, *4 (E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence was affirmed by the Louisiana Third Circuit Court of Appeal on December 12, 2001. Petitioner did not seek further direct review in the Louisiana Supreme Court. Thus, petitioner's conviction became final after the delay for seeking direct review in the Louisiana Supreme Court expired, that is, at the latest, January 12, 2002, thirty days after the Third Circuit's opinion. *See* La.S.Ct. Rule X, §5(a)[3]; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

---

[3] Louisiana Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing...." The Uniform Rules, Courts of Appeal, Rule 2-17.1 provides, "Notice of judgment of a Court of Appeal shall be ... mailed by the clerk to all counsel of record, and to all parties not represented by counsel." In the absence of any evidence to the contrary, it is assumed that the court followed its own rule and mailed Notice of Judgment to petitioner's appellate counsel on the date the decision was rendered.

5

Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until January 12, 2003, to file for relief in this court. Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2). By his own admission, petitioner did not seek any state post-conviction relief until February 1, 2006, when he filed a Motion to Withdraw his Guilty Plea. However, by that date, the federal limitations period had already expired. Once the limitation period imposed by 28 U.S.C. § 2244(d)(1) expired, it could not be revived by the filing of an application for relief in state court.[4] *See Villegas*, 184 F.3d 467, citing *Flanagan*, 154 F.3d at 197; *Bogan*, 55 F.Supp.2d at 600; *Sorce,* 73 F.Supp.2d at 294; *Banford*, 2000 WL 1808491, at *2; *Williams*, 2000 WL 863132, at *2*; Magee*, 2000 WL 1023423, at *4; *Anderson,* 2005 WL 2304484, at *2 *Jones,* 2005 WL 2304484, at *2. Petitioner's post-conviction Motion did not restart the limitation period which had already properly commenced, at the latest, on January 12, 2002 and expired on January 12, 2003. *Salinas, supra.*

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting application of the doctrine. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*,

---

[4]Moreover, even if the one year period had not lapsed, because the Motion was not timely filed in the Louisiana state courts, the Motion could not toll the limitation period because the pleading cannot be deemed "properly filed" within the meaning of the statutory tolling provision. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

6

174 F.3d 710, 713 (5th Cir.1999).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171 citing *Coleman, v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 citing *Fisher*, 174 F.3d at 714. See also *Coleman*, 184 F.3d at 402. Moreover, in order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman*, 184 F.3d at 403. In this case, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts until after the federal one-year limitation period had expired. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Id*. citing *Fisher v. Johnson*, 174 F.3d 710 (5th Cir.1999). Petitioner should have investigated potential claims and the factual basis for those claims in a timely manner, and then pursued those claims diligently in both the state courts and this court.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claim is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).[5]

---

[5] The undersigned also notes that petitioner's claim is subject to dismissal for failure to exhaust state court remedies prior to proceeding in this court. As set forth above, there is no Louisiana Supreme Court decision involving petitioner, much less any decision of that court regarding petitioner's claim that his arrest was unconstitutional.

*Merits*

Even if the instant petition had been timely filed, petitioner's claim is nevertheless without merit and therefore subject to summary dismissal. Petitioner does not challenge the voluntary nature of his guilty plea[6], nor the effectiveness of his counsel's representation prior to or during that plea. Rather, petitioner's sole challenge is directed to the constitutionality of his arrest on the charge to which he subsequently entered a valid guilty plea. Under both federal and Louisiana law, petitioner's voluntary guilty plea waived all non-jurisdictional defects in the proceedings leading up to the plea, including petitioner's Fourth Amendment challenge to the constitutionality his arrest. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983); *Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir.1986); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir.1985); *United States v. Diaz*, 733 F.2d 371, 376 n. 2 (5th Cir.1984); *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir.1979); *United States v. Bell*, 457 F.2d 1231, 1234 n. 1 (5th Cir.1972); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *United States v. Owens*, 996 F.2d 59 (5th Cir. 1993)*; Matthew v. Johnson,* 201 F.3d 353, 364 (5th Cir.), *cert. denied,* 531 U.S. 830, 121 S.Ct. 291, 148 L.Ed.2d 44 (2000); *State v. Starks*, 2001-1078 (La. 3/28/2002), 812 So.2d 638*; State v. McKinney*, 406 So.2d 160, 161 (La.1981); *State v. Crosby*, 338 So.2d 584, 586 (La.1976); *State ex rel. Jackson v. Henderson*, 302 So.2d 307 (La. 1974).

---

[6] Indeed, review of petitioner's guilty plea transcript reveals that any such claim would be futile. Petitioner was clearly advised of his constitutional rights, his waiver of those rights upon entry of a guilty plea, and the maximum penalty for his crime. Moreover, the transcript negates a finding of any improper influence in connection with the entry of petitioner's guilty plea.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) citing Rule 4, Advisory Committee Notes ("The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'").

Based on the undersigned's review of the pleadings and exhibits annexed thereto, including the transcript of petitioner's guilty plea proceeding, it is therefore, additionally recommended that the instant petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because the petition and exhibits annexed thereto clearly establish that petitioner is not entitled to federal *habeas corpus* relief.

For the reasons set forth above,

**IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively

9

**SUMMARILY DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because the petition and exhibits annexed thereto clearly establish that petitioner is not entitled to federal *habeas corpus* relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on January 24, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE